# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAYVON MCFADDEN,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>UNKNOWN,<br><br>　　　　　　　　　Respondent. | Case No.: 3:25-cv-0047-RBM-JLB<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**<br><br>**[Doc. 1]** |

　　　On October 28, 2024, Petitioner Trayvon McFadden ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition") challenging a judgment of conviction issued in the Superior Court, County of San Diego ("San Diego Superior Court") on April 16, 2021, and the resultant twenty-eight (28) year sentence. (Doc. 1.) For the reasons set forth below, the Petition is **DENIED** without prejudice.

## I.　　BACKGROUND

　　　Petitioner originally filed the Petition in the United States District Court, Central District of California ("Central District"). After providing notice to Petitioner that he had not paid the filing fee or requested to proceed in forma pauperis ("IFP") (*see* Doc. 2), the Central District issued an Order to Show Cause why the case should not be dismissed for

failure to pay the filing fee or request to proceed IFP. (Doc. 4.) On December 23, 2024, Petitioner paid the $5.00 filing fee (*see* Doc. 5) and the Order to Show Cause was discharged thereafter (Doc. 6). On January 3, 2025, the instant case was transferred to this district. (Docs. 7–8.)

In the Petition, Petitioner alleges his federal constitutional rights have been violated due to an unauthorized sentence enhancement. (Doc. 1 at 7.) Specifically, Petitioner alleges the sentence enhancement was not properly based on a violent felony and therefore violated Article 1, Section 7 of the California Constitution, and the Fourteenth Amendment Due Process Clause of the United States Constitution. (*Id.*)

## II.  LEGAL STANDARD

Petitioner brings this petition under 28 U.S.C. § 2254, which authorizes a prisoner to file a writ of habeas corpus when he is "in custody pursuant to the judgment of a State." *Brock v. Weston*, 31 F.3d 887, 889 (9th Cir. 1994) (citing 28 U.S.C. § 2254(a)). "Rule 4 of the Rules Governing Section 2254 Cases authorizes a district court to summarily dismiss a habeas petition, before the respondent files an answer, '[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court.'" *Neiss v. Bludworth*, 114 F.4th 1038, 1044 (9th Cir. 2024).

"[Ninth Circuit] precedent, and that of the Supreme Court, has made clear that Rule 4 dismissal is required on procedural grounds, such as failure to exhaust or untimeliness, or on substantive grounds where the claims are 'vague,' 'conclusory,' 'palpably incredible,' or 'patently frivolous or false.'" *Neiss*, 114 F.4th at 1044 (citing *Blackledge v. Allison*, 431 U.S. 63, 75–76 (1977)).

## III.  DISCUSSION

### A.   Failure to Name a Proper Respondent

On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing R. 2(a), Rules Governing Section 2254 Cases (2019)). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.* Typically,

this person is "the warden of the facility in which the petitioner is incarcerated." *Id.* (citing *Stanley v. California Supreme Ct.*, 21 F.3d 359, 360 (9th Cir. 1994)). However, "the rules following section 2254 do not specify the warden." *Id.* "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting R. 2(a), Rules Governing Section 2254 Cases , 28 U.S.C. foll. § 2254 advisory committee's note).

Here, Petitioner has not named a Respondent. (*See* Doc. 1 at 1.) For this Court to consider the Petition, Petitioner must name the Warden in charge of the state correctional facility where he is presently confined or the Director of the California Department of Corrections and Rehabilitation. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam). Accordingly, the instant Petition is subject to dismissal for failure to name a proper Respondent.

### B.     Failure to Allege Exhaustion of State Judicial Remedies

Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison must first exhaust state judicial remedies. *See* 28 U.S.C. §§ 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987); *see also Picard v. Connor*, 404 U.S. 270, 275 (1971) ("[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus."). "A petitioner has satisfied the exhaustion requirement if: (1) he has 'fairly presented' his federal claim to the highest state court with jurisdiction to consider it," which in this case is the California Supreme Court, "or (2) he demonstrates that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

Additionally, a state prisoner must present the federal court with the same claims presented in state court and must allege, in state court, how one or more of his federal rights have been violated. *See Picard*, 404 U.S. at 276 ("Only if the state courts have had the

first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts."); *see also Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.").

Here, Petitioner fails to allege that he raised the claim(s) he wishes to bring here before the California Supreme Court. In the Petition, Petitioner raises one enumerated claim for relief, alleging his "sentence enhancement prison term is unauthorized" under both the California Constitution and the Fourteenth Amendment Due Process Clause of the United States Constitution. (Doc. 1 at 6–7.) While he indicates that he raised a due process claim in the California Court of Appeal on direct appeal, Petitioner did not complete the section of the habeas form asking whether he sought further direct review in the California Supreme Court. (*See id.* at 2.) Petitioner also failed to answer the question on the habeas form asking whether this claim has been raised in the California Supreme Court. (*See id.* at 6.) Indeed, Petitioner affirmatively indicates he did *not* seek collateral review in the California Superior Court or the California Supreme Court. (*See id.* at 3–4 (emphasis added).) If Petitioner raised his claims in the California Supreme Court, he must so specify.

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ." R. 4, Rules Governing Section 2254 Cases (2019). As Petitioner has not alleged exhaustion of state court remedies as to his sole enumerated claim, it appears plain from the Petition that he is not presently entitled to federal habeas relief. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further into the petitioner's intentions. Instead, it

may simply dismiss the habeas petition for failure to exhaust.") (citing *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001)).

The Court additionally cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

The statute of limitations does not run while a properly filed habeas corpus petition is pending in state court. 28 U.S.C. § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable [state] laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). However, absent another basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

### IV.   CONCLUSION

For the reasons discussed above, the Court **DISMISSES** the Petition without prejudice for failure to name a proper Respondent and failure to allege exhaustion of state judicial remedies. To have this case re-opened, Petitioner must submit a First Amended Petition that cures the pleading deficiencies outlined in the instant Order **on or before June**

**16, 2025**. **The Clerk of Court is directed to send Petitioner a blank 28 U.S.C. § 2254 Amended Habeas Petition form together with a copy of this Order.**

     **IT IS SO ORDERED**.

DATE:  April 25, 2025

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE